CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 28, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLARENCE W. ALSTON, | ) |
| Plaintiff, | ) Case No. 7:25-cv-00167 |
| v. | ) **MEMORANDUM OPINION** |
| WRSP HEARING OFFICER EWING and WRSP HEARING OFFICER KING, | ) By:   Hon. Thomas T. Cullen<br>) United States District Judge |
| Defendants. | ) |

Plaintiff Clarence W. Alston, proceeding pro se, filed this civil-rights action under 42 U.S.C. § 1983 against two hearing officers at Wallens Ridge State Prison ("WRSP"). (*See* Compl. 1 [ECF No. 1].) Now before the court is Plaintiff's motion seeking a temporary restraining order. (*See* Pl.'s Mot. for TRO [ECF No. 8].) For the following reasons, the court will deny Plaintiff's motion.

I.

Plaintiff alleges that on September 12, 2023, while incarcerated at WRSP, he received a disciplinary charge for having his arm out of his tray slot and, as a result, was placed in a restrictive housing unit ("RHU"). (Compl. 2.) He alleges that he became mad at his RHU placement and cut his wrist. (*Id.*) He was then moved to the medical department and put in a strip cell until September 15, 2023, around 2:00 p.m. (*Id.*)

The night after he was released from the strip cell, he was served with a disciplinary charge around 7:30 p.m. (*Id.*) Before his hearing on the charge, Plaintiff put in a request for video evidence. (*Id.*) He had also put in a request to present witness testimony. (*Id.*) On

September 18, 2023, Defendant King denied his request for a witness but allowed Plaintiff to review the video footage relevant to his charge. (*Id.*) Plaintiff claims that by refusing to allow him to present any witnesses, Defendant King violated Plaintiff's Fourteenth Amendment right to due process of law. (*Id.*)

After filing his complaint, Plaintiff filed a motion asking the court for a temporary restraining order. (ECF No. 8.) In his motion, he asserts that, while WRSP was on a temporary lockdown, Plaintiff was denied a shower because he had hung pictures and other papers on his cell wall. (*Id.* at 1–2.) He claims that he should not have been refused a shower and that others in his pod were also refused showers. (*Id.*) In his motion, he also claims that some officers at WRSP and at Red Onion State Prison are improperly using "dip" tobacco products. (*Id.* at 1–4.) Plaintiff does not make any clear request for a temporary restraining order or injunctive relief. Instead, he insists that some WRSP officers think they are "above . . . the law" and do as they please. (*Id.* at 3.) He states that WRSP needs "a black warden, someone who can stop this racial stuff and hate of color of skin," and suggests a former warden at Sussex II State Prison. (*Id.*) He also asks for a speedy trial and to "get [his] case in court as soon as possible." (*Id.* at 1, 3.)

## II.

Federal Rule of Civil Procedure 65 permits district courts to issue temporary restraining orders and preliminary injunctions. Such remedies are "extraordinary and drastic remedy" and are "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations and internal quotation marks omitted). To obtain a preliminary injunction or TRO, Plaintiff must show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer

irreparable harm absent preliminary relief"; (3) "the balance of the equities favors relief"; and (4) "the relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[E]*ach* of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (explaining it is "unnecessary to address all four factors when one or more had not been satisfied"). And in the context of state prison administration, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("[T]he decisions made by prison administrators in their informed discretion have been accorded 'wide-ranging deference' by the federal courts." (citations omitted)).

### III.

Plaintiff's motion relies on allegations completely unrelated to his claims against Defendants Ewing and King. Temporary restraining orders are designed to preserve the status quo between parties and prevent irreparable harm until an evidentiary hearing on the availability of preliminary injunctive relief can be held. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65(d)(2) states that a TRO may only bind "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in [(A) or (B)]." Fed. R. Civ. P. 65(d)(2). Here, Plaintiff does not allege

that the unnamed officers whose actions are described in his motion fall into any of these categories and offers no legal authority for the proposition that the court may issue a TRO enjoining those unidentified officers. Accordingly, the court has no legal justification for issuing a TRO in this action against the allegedly offending officers.

Even if Plaintiff could obtain relief against a nonparty officer, to warrant a temporary restraining order, Plaintiff must show that he faces irreparable harm in the absence of relief that is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). Here, Plaintiff alleges no actual or imminent future harm he faces based on the information set forth in his motion. Any possible harm to Plaintiff would be remote and speculative and therefore does not warrant preliminary injunctive relief.[1] Therefore, he is not entitled to a temporary restraining order, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008), and the court must deny his motion.

## IV.

For the reasons set forth above, Plaintiff's motion seeking a temporary restraining order (ECF No. 8) will be denied.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 28th day of January, 2026.

>  /s/ Thomas T. Cullen
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE

---

[1] Moreover, the apparent relief Plaintiff seeks—a new warden at WRSP—is the most quintessential example of "intrusive and far-reaching federal judicial intervention in the details of prison management" that can, under no circumstances, be justified based on Plaintiff's general complaints and opposition to the way the prison is run. *See Taylor*, 34 F.3d at 269.