CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 25, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| CLARENCE W. ALSTON, Plaintiff, | ) ) | Civil Action No. 7:25-cv-00167 |
| v. | ) ) ) | MEMORANDUM OPINION |
| EWING, et al., Defendants. | ) ) | By: Joel C. Hoppe, United States Magistrate Judge |

Plaintiff Clarence W. Alston, a Virginia inmate appearing pro se, filed this civil rights action under 42 U.S.C. § 1983 against Defendants Ewing and King, two hearing officers at Wallens Ridge State Prison ("WRSP"). Alston alleges that King denied him the opportunity to present a witness at one disciplinary hearing and Ewing imposed an excessive penalty at another disciplinary hearing, violating his Fourteenth Amendment right to due process.

This matter is before the undersigned Magistrate Judge by consent of the parties under 28 U.S.C. § 636(c). ECF No. 26. Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 17. The parties briefed the motion, Br. in Supp., ECF No. 18; Opp'n Br., ECF No. 25, and it can be resolved without a hearing, W.D. Va. Civ. R. 11(b). Additionally, after responding to Defendants' motion to dismiss, Alston filed a motion to appoint counsel. ECF No. 28.

For the reasons explained below, I will deny Alston's motion to appoint counsel, ECF No. 28, and grant Defendants' motion to dismiss, ECF No. 17.

## I. Motion to Appoint Counsel

The Court cannot require an attorney to represent an indigent civil plaintiff. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). Instead, the Court may only request that an attorney represent an indigent plaintiff when "exceptional circumstances" exist.

*Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances depend on the type and complexity of the case and the plaintiff's ability to present it. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 309.

In his motion to appoint counsel, Alston requests an attorney because he has no legal training. *See* ECF No. 28, at 1. However, "inexperience and incarceration alone do not warrant appointment of counsel." *Jenkins v. Woodard*, 109 F.4th 242, 249 (4th Cir. 2024). The legal issues in this case are straightforward at this stage, and Alston has demonstrated his ability to present the case by filing a complaint, evidence, and an opposition brief that clearly set out his claims. Accordingly, this case presents no extraordinary circumstances, *see Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012), and I will deny Alston's motion to appoint counsel, ECF No. 28.

## II. Motion to Dismiss

### *A. Standard of Review*

A Rule 12(b)(6) motion to dismiss challenges whether a complaint sets out a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To get past the pleading stage, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard is not akin to a 'probability requirement,'" but it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up).

A court resolving a Rule 12(b)(6) motion "must consider the complaint in its entirety," *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007), "accepting as true all well-pleaded allegations . . . and drawing all reasonable factual inferences in the plaintiff's favor," *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016). Legal conclusions, "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, "are not entitled to the assumption of truth," but they "can provide the framework of a complaint," *id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief" under the governing law.[1] *Id.*; *see, e.g.*, *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002) ("Dismissal of a complaint for failure to state facts supporting each of the elements of a claim is, of course, proper.").

*B. Background*

Alston filed this action on March 10, 2025. Compl., ECF No. 1. In the complaint,[2] he alleges that he received a disciplinary charge on September 12, 2023, for putting his arm through

---

[1] Because Alston is representing himself, his complaint "is to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). "Principles requiring generous construction of pro se complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A pro se plaintiff still must allege facts that state a cause of action," *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021) (citation omitted), and "follow the procedural rules of the court," *Toney v. LaSalle Nat. Ass'n*, 896 F. Supp. 2d 455, 464 (D.S.C. 2012).

[2] Alston attached several documents to the complaint, including a request to present a witness at a disciplinary hearing, a disciplinary appeal, grievances and complaints, and letters from Virginia Department of Corrections ("VDOC") administrators. *See* ECF No. 1-1. These documents largely corroborate Alston's allegations. In resolving Defendants' motion to dismiss, the Court has considered all documents attached to the complaint. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011); Fed. R. Civ. P. 10(c). Alston also submitted additional documents after filing

his cell door tray slot while incarcerated at WRSP. *Id.* at 2. He was placed in a restrictive housing unit ("RHU"). *Id.* Alston became mad about his RHU placement, so he cut his wrists. *Id.* Medical staff transferred him to a strip cell and kept him under watch. *Id.* No one could serve him with the disciplinary charge while he was in the strip cell. *Id.*

On September 15, medical staff released Alston from the strip cell. *Id.* That evening, a sergeant served him with the disciplinary charge. *Id.* Most of the prison staff had gone home for the weekend, so no one was immediately available to process Alston's requests related to the charge. *Id.* On the night of September 17, Alston submitted a request to review video evidence and a request to present a witness at the disciplinary hearing. *Id.*

On September 18, King reviewed Alston's requests. *See id.* Even though Alston submitted both requests at the same time, King denied the witness request because it was submitted over 48 hours after the charge was served, but he granted the video evidence request. *Id.*; *see* Witness Request Form, ECF No. 1-1, at 2 ("Request DENIED – Inmate failed to submit request within 48-hours to the Hearing Officer"); Regular Grievance, ECF No. 1-1, at 5 ("Hearing Officer King denied me my witness request form saying it was over 48 hours after [the] charge was served.").

During the disciplinary hearing, Alston showed King that he signed the form denying the witness request. Compl. 3. King stopped the hearing and made a phone call. *Id.* He asked the person with whom he was speaking, "When was the 18th?" *Id.* She told him that it was a Monday.[3] *Id.* King then resumed the hearing, found Alston guilty of the charge, and revoked his

the complaint, but they are duplicative of the documents attached to the complaint. *Compare* ECF No. 1-1, at 1, *with* ECF No. 15-1.

[3] Alston claims that King "knew that he made a mistake" by denying the witness request, "but he couldn't stand for a black inmate to have a charge dismiss[ed] on a white sergeant that wrote [him] up, or he could not stand to admit his wrongness." Compl. 3. "While I must liberally construe a pro se litigant's pleadings, I cannot construct constitutional claims for him based on a conclusory statement standing

phone privileges for 90 days. *Id.* Without phone privileges, Alston could not speak to his family. *Id.* During holidays, he watched other prisoners speak to their families, but he could not do the same. *Id.*

Alston asserts that King violated his Fourteenth Amendment right to due process by denying him the opportunity to present a witness at the disciplinary hearing that resulted in him losing his phone privileges for 90 days. *See id.* at 2. He seeks to recover damages. *Id.* at 4.

On January 23, 2024, Defendants filed a motion to dismiss under Rule 12(b)(6). ECF No. 17. In support of the motion, Defendants first argue that Alston's claim against Ewing must be dismissed because the complaint contains no allegations against Ewing. *See* Br. in Supp. 3–4. Next, Defendants argue that Alston fails to state a claim under § 1983 for violation of his Fourteenth Amendment procedural due process rights because phone privileges are not a protected liberty interest. *See id.* at 4–6. Finally, Defendants argue that they cannot be sued for damages in their official capacities because state officers acting in their official capacities are not "persons" for purposes of § 1983 and are protected by Eleventh Amendment immunity. *See id.* at 6.

On February 23, 2026, Alston filed a brief in opposition to Defendants' motion to dismiss, raising new factual allegations. *See* Opp'n Br., ECF No. 25. Specifically, he alleges that on December 4, 2023, he attended another disciplinary hearing before Ewing for a "200 series" charge. *Id.* at 3. Under VDOC Operating Procedure 861.1, the penalty for a 200 series charge cannot exceed 60 days' loss of privileges. *See id.* at 3–4; VDOC Ltr., ECF No. 1-1, at 1 ("You

---

alone." *Alexander v. Ely*, No. 7:20cv766, 2022 WL 15524969, at *3 n.4 (W.D. Va. Oct. 27, 2022) (citing *Beaudett*, 775 F.2d at 1278; *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)). Because the complaint contains no factual allegations to support Alston's conclusory accusation of race discrimination, I cannot find that Alston tried to set out a claim under the Equal Protection Clause of the Fourteenth Amendment.

are correct that your penalty should have been no more than 60 days, since it was a 200 series charge."). Nevertheless, Ewing revoked Alston's phone privileges for an additional 90 days upon finding him guilty of the charge. *See* Opp'n Br. 1.

Thus, between the penalty at the September hearing before King and the penalty at the December hearing before Ewing, Alston lost his phone privileges for a total of 180 days. *See id.* He could not speak to his family on holidays including Thanksgiving, Christmas, and New Year's Day. *Id.* Nor could he speak to his family after his nephew died in a car accident or after his sister died from cancer. *Id.* at 2.

Alston asserts that Ewing violated his Fourteenth Amendment right to due process by revoking his phone privileges for a longer period than permitted by VDOC's internal procedures. *See id.* at 1.

*C. Discussion*

Alston brought this action against Defendants under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Adkins*, 487 U.S. 42, 48 (1988).

*1. Defendant Ewing*

Liability under § 1983 is "determined person by person." *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023). Accordingly, a "plaintiff must plead that each Government-official defendant, through his own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 663. A plaintiff fails to state a claim against a defendant under § 1983 if he does not allege that particular defendant "acted personally in the deprivation of [his] rights." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (citation omitted).

The complaint contains no allegations against Ewing. Indeed, aside from listing him as a defendant, the complaint does not even mention Ewing. While Alston adds allegations against Ewing in his opposition brief, "it is well established that a party may not amend [his] complaint through briefing." *Branham v. City of Lynchburg*, 664 F. Supp. 3d 215, 219 n.2 (W.D. Va. 2022) (citing *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013)); *see Wooten v. Univ. of Md., Balt.*, 773 F. Supp. 3d 402, 414–15 (D. Md. 2024) (collecting cases).

Accordingly, Alston fails to state a claim against Ewing. *See, e.g.*, *Williams v. Dotson*, No. 7:25cv522, 2026 WL 87652, at *1 (W.D. Va. Jan. 12, 2026) ("Dismissal is appropriate when defendants are referenced only in the caption of the case."); *Newman v. Cooper*, No. 7:23cv431, 2025 WL 28470, at *3 (W.D. Va. Jan. 3, 2025) ("Aside from the list of defendants, however, the amended complaint does not mention Jones . . . . Therefore, the amended complaint also fails to state a claim under § 1983 against Jones."). However, even if the Court were to consider the additional allegations in Alston's opposition brief, he nevertheless fails to state a claim against Ewing or King.

*2. Due Process Claims*

Section 1983 "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." *Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017). Alston alleges that Defendants violated his Fourteenth Amendment right to due process in connection with disciplinary proceedings that resulted in a combined 180-day loss of phone privileges. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a

protected liberty or property interest and (2) demonstrate deprivation of the interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), "the Supreme Court considered how prison disciplinary hearings must be structured in order to comport with the demands of the Due Process Clause of the Fourteenth Amendment." *Brown v. Braxton*, 373 F.3d 501, 504 (4th Cir. 2004). "The Supreme Court held that in disciplinary proceedings in which an inmate's liberty interests are at stake, government officials must provide the inmate with notice of the charges at least 24 hours before the hearing as well as a written report after the hearing detailing the evidence relied upon and the reasons for the disciplinary action." *Lennear v. Wilson*, 937 F.3d 257, 268 (4th Cir. 2019) (citing *Wolff*, 418 U.S. at 564). The Supreme Court "further recognized that, in such proceedings, an inmate has a qualified right 'to call witnesses and present documentary evidence in his defense.'" *Id.* (quoting *Wolff*, 418 U.S. at 566).

These procedural protections apply only to disciplinary proceedings that implicate a prisoner's protected liberty interest. *See Wolff*, 418 U.S. at 517 n.19 ("We do not suggest . . . that the privileges required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."); *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) ("Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner.").

Thus, the Court begins by determining whether the disciplinary hearings in this case implicated a protected liberty interest. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). Alston alleges that he lost 180 days of phone privileges as sanctions for the two disciplinary charges.

A liberty interest may arise from the Constitution itself or from a state law or policy. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A liberty interest arises from the Constitution only where a prisoner is subject to "punishment or confinement beyond that contemplated by the original sentence imposed." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980)). The "denial of privileges," however, is "contemplated by [a prisoner's] original sentence to prison." *Id.* (citing *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)). Therefore, a prisoner has no independent constitutional right to use a phone. *See, e.g.*, *United States v. Alkire*, 82 F.3d 411 (4th Cir. 1996) (table) ("[T]here is no constitutional . . . right to the use of a telephone while in prison."); *Coleman v. Long*, 772 F. App'x 647, 649–50 (10th Cir. 2019) ("Plaintiff does not derive a liberty interest in visitation and telephone privileges from the Constitution itself."); *Castillo v. FBOP FCI Fort Dix*, 221 F. App'x 172, 175 (3d Cir. 2007) (holding that "withdrawal of phone and visitation privileges for a limited time" implicates "no cognizable liberty interest" under the Due Process Clause); *see also Jones v. Andrews*, No. 1:20cv251, 2020 WL 4809440, at *5 (E.D. Va. Aug. 18, 2020) (collecting cases).

Nor does the loss of phone privileges implicate a state-created liberty interest. To establish a state-created liberty interest, a prisoner must show: "(1) that there is a state statute, regulation, or policy that creates such a liberty interest, and (2) that the denial of such an interest imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (citation omitted). A prisoner "who fails to satisfy these two requirements *cannot* invoke the procedural protections of the Due Process Clause." *Martin v. Duffy*, 858 F.3d 239, 253 (4th Cir. 2017) (cleaned up).

Here, the Court need not address whether a relevant Virginia statute, regulation, or policy exists because Alston cannot satisfy the second element. While loss of phone privileges and the corresponding inability to speak with family is a hardship, courts have consistently found that it is not an atypical and significant hardship in relation to the ordinary incidents of prison life. *See, e.g.*, *Gallop v. Cordle*, No. 7:25cv321, 2026 WL 948797, at *1, *3 (W.D. Va. Apr. 8, 2026) (no state-created liberty interest where prisoner lost phone privileges for 120 days); *Diggs v. Johnson*, No. 7:24cv361, 2024 WL 4681622, at *3 (W.D. Va. Nov. 5, 2024) (no state-created liberty interest where prisoner lost phone privileges for two years); *Borda v. Losiewicz*, No. 15-2057, 2016 WL 1089626, at *4, *6 (D. Md. Mar. 21, 2016) (finding that "120 days telephone restrictions" with "an additional 264 days telephone privilege restrictions" was not an "atypical and significant hardship"); *see also Denson v. Bledsoe*, No. 7:06cv193, 2006 WL 2850638, at *3 (W.D. Va. Sept. 29, 2006) (collecting cases).

Alston has failed to show that loss of phone privileges for 180 days implicates a protected liberty interest. Accordingly, he cannot state a claim under § 1983 for violation of his Fourteenth Amendment due process rights against either Defendant.[4] *See Prieto*, 780 F.3d at 248.

IV. Conclusion

For the foregoing reasons, Alston's motion to appoint counsel, ECF No. 28, will be DENIED; Defendants' motion to dismiss, ECF No. 17, will be GRANTED; and this case will be DISMISSED.

A separate order shall issue.

ENTER: August 25, 2026

[4] Accordingly, the Court need not address Defendants' immunity arguments.

Joel C. Hoppe
U.S. Magistrate Judge